# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) No. 21-CR-30003-DWD ) |
| SEAN CLEMON, | ) ) |
| Defendant. | ) |

## DEFENDANT'S FIRST MOTION IN LIMINE[1]

Comes now Defendant, by his attorneys, John D. Stobbs II, & Daniel J. Schattnik and for his First Motion In Limine states:

**1. Sequestration of witnesses.**

Pursuant to Federal Rule of Evidence 615, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Sean Clemon hereby invokes the rule on witnesses and requests that this Court "order witnesses excluded so that they cannot hear other witnesses' testimony."

Sean Clemon also respectfully requests that this Court's order also prohibit the Government and/or its witnesses from talking to witnesses who are sequestered about the trial or other witnesses' testimony prior to or during their testimony. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty." *United States v. Vallie*, 284 F.3d 917, 921 (8th Cir. 2002). "Rule 615 codified a well-established common law tradition of sequestering witnesses as a means of discouraging and exposing fabrication, inaccuracy, and collusion." *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995) (citations and quotations omitted).

---

[1] The Government has not tendered all of the *Giglio* or Jencks Act material or material in this case. Furthermore, some of the discovery remains redacted. As such additional Motions in Limine will need to be filed at a future date once all of the discovery has been disclosed.

"[S]equestration helps to smoke out lying witnesses: It is now well recognized that sequestering witnesses is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice." *United States v. Rhynes*, 218 F.3d 310, 317–18 (4th Cir. 2000) (internal quotation marks and citations omitted); see also *United States v. Rugiero*, 20 F.3d 1387, 1392 (6th Cir. 1994) (purpose of broad sequestration rule is "to preclude coaching or the influencing of a witness' testimony by another witness"). Federal Courts of Appeal have expanded the principle broadly, prohibiting witnesses from reading the testimony of another witness. See, e.g., *United States v. Jiminez*, 780 F.2d 975 (11th Cir. 1986). "This shaping, or tailoring of testimony, may occur maliciously in that a witness may deliberately change his testimony based upon what another witness says, or it may even occur subconsciously without the witness realizing he has been influenced by another's testimony."

Based on the foregoing, Sean Clemon respectfully requests that this Court sequester witnesses pursuant to Federal Rule of Evidence 615 and prohibit the Government and/or its witnesses from talking to witnesses who are sequestered about the trial or other witnesses' testimony prior to or during their testimony, and for such other and further relief as is just and equitable in this matter.

## 2. Evidence of Prior Convictions

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Sean Clemon respectfully moves this Court to enter an Order prohibiting the Government and any witnesses called by the Government from eliciting any evidence or argument, whether testimonial, documentary or demonstrative, of any kind whatsoever, with respect to any prior criminal conviction of Sean Clemon.

Sean Clemon concedes that, if he testifies in his own defense, the evidentiary rules governing impeachment based on prior criminal convictions may change the analysis and that the majority of the arguments contained in this motion are, therefore, limited to the Government's case in chief. Should Sean Clemon decide to testify in his own defense, he respectfully requests that this Court enter an Order prohibiting the Government from impeaching him with prior convictions or, in the alternative, make a pretrial

determination of the admissibility of any of his particular prior convictions for impeaching his credibility pursuant to Federal Rule of Evidence 609. Should this Court choose to allow any cross examination on the prior convictions, it should be limited to the existence of the convictions and should not include any details of the crimes.

The Government has indicated to the undersigned that it has no 404(b) evidence it intends to introduce at trial.

However, Sean Clemon does have a prior criminal record which should not be allowed into evidence through testimony of any of the Government's witnesses.

Any evidence relating in any way to Sean Clemon's prior convictions is irrelevant to the charges he is currently defending against and therefore should not be admitted. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); see also Fed. R. Evid. 401 (evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 (irrelevant evidence is inadmissible).

Evidence of a prior conviction would be extremely and unfairly prejudicial to Sean Clemon. Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Like all other evidence, evidence admissible under Rule 404(b) is still subject to analysis under Rule 403, which allows admission unless the evidence's unfair prejudice substantially outweighs its probative value." *Carroll*, 207 F.3d at 467.

If the jury were to hear about Sean Clemon's prior convictions, an unacceptable risk exists that the jury will convict him in this case, not because the Government has proven him guilty of the crimes charged beyond a reasonable doubt, but because the jury will improperly conclude that Sean Clemon's prior convictions somehow make it more likely that he committed the charged offenses in this case. "Our criminal justice system

has long forbidden juries from convicting an individual, not for facts which prove the charged offense, but for prior acts that, at best, show a criminal propensity." Id. at 470. Clearly, the unfair prejudice from evidence of Sean Clemon's prior convictions substantially outweighs any probative value of such evidence.

Federal Rule of Evidence 609(a) allows for attacking a witness' character for truthfulness by evidence of a felony conviction that is less than 10 years old "if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]" For convictions older than 10 years, evidence of the conviction is only admissible if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

In this case, the probative value of allowing the Government to cross examine Sean Clemon on the existence of any prior conviction less than 10 years old does not outweigh the prejudicial effect to Sean Clemon. See Fed. R. Evid. 609(a). There is simply too great a risk that the jury will choose to convict Sean Clemon not for what he allegedly did in connection to the pending matter but, instead, for who he used to be. To the extent the Government disagrees, Sean Clemon respectfully requests that this Court make a pretrial determination of the admissibility of any prior conviction for impeachment purposes should Sean Clemon choose to testify in his own defense.

Further, the probative value of allowing the Government to cross examine Sean Clemon on the existence of any prior conviction older than 10 years does not substantially outweigh the prejudicial effect for the same reasons discussed above. See Fed. R. Evid. 609(b). And, significantly, the Government has not provided Sean Clemon with reasonable written notice of its intent to use this evidence sufficient to allow Sean Clemon the fair opportunity to contest its use. Id. As such, Sean Clemon respectfully requests that this Court enter an Order preventing the Government from impeaching his credibility in this manner.

In the alternative, should this Court conclude that the Government should be permitted to cross examine Sean Clemon with his prior convictions, Sean Clemon respectfully requests that this Court limit the inquiry to the existence, not the details, of the prior convictions. See *United States v. Finch*, 842 F.2d 201, 202 (8th Cir. 1988) (citing *United States v. Roenigk*, 810 F.3d 809 (8th Cir. 1987)) (discussing "forbidden inquiry into the details of the past crimes"). Furthermore, Sean Clemon asks this Court to prohibit the prosecution from characterizing the crimes to the jury.

Sean Clemon requests that this Court grant this motion, entering an Order preventing the Government from presenting any evidence relating to his prior criminal convictions.

### 3. Sean Clemon's pretrial detention

Any evidence relating in any way to the fact that Sean Clemon has been incarcerated awaiting trial has no relevance to any of the elements of the crimes with which he is charged, and therefore it should not be referred to at trial. Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Whether Sean Clemon has remained in federal custody awaiting trial does not tend to make any fact of consequence to this case more or less probable. Accordingly, all references to this fact should be barred from trial.

Furthermore, evidence that Sean Clemon is in custody is inherently prejudicial and negates the presumption of innocence. As such, it should be barred by Federal Rule of Evidence 403. Federal Rule of Evidence 403 provides that the "Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See *United States v. Lupino,* 301 F.3d 642, 646 (8th Cir. 2002) ("'Unfair prejudice'…means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"); see also *United States v. Cody*, 114 F.3d 772, 777-78 (8th Cir. 1997)

5

(finding trial court properly excluded evidence which would "confuse and mislead the jury").

Because Sean Clemon's pretrial incarceration is irrelevant and unfairly prejudicial, Sean Clemon respectfully requests that this Court grant this Motion.

Sean Clemon requests that this Court preclude the Government from eliciting evidence or testimony referencing his pretrial detention, and for such other and further relief as is just and equitable in this matter.

SEAN CLEMON

| STOBBS LAW OFFICES | Unsell Schattnik & Phillips PC |
|---|---|
| /s/John D. Stobbs II | /s/Dan Schattnik by: JDS2 w/permission |
| John D. Stobbs II, No. 06206358 | Daniel J. Schattnik |
| Attorney for Defendant | Attorney for Defendant |
| 307 Henry St. Suite 211 | 3 South 6th Street |
| Alton, Illinois 62002 | Wood River, Illinois 62095 |
| Telephone: (618)462-8484 | Telephone: (618)258-1800 |
| FAX: (618)462-8585 | FAX: (618)258-1957 |
| Email: jds2@stobbslaw.com | Email: schattnik@gmail.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2022, a copy of the attached *Defendant's First Motion In Limine* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Ali Summers
Assistant U.S. Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208

STOBBS LAW OFFICES

/s/ John D. Stobbs II
307 Henry St. Suite 211
Alton, Illinois 62002