IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-CR-30003-DWD |
| SEAN CLEMON, | ) ) ) |
| Defendant. | ) ) |

**<u>DEFENDANT'S SECOND MOTION IN LIMINE</u>**

Comes now Defendant, by his attorneys, John D. Stobbs II, and Daniel R. Schattnik and for his Second Motion In Limine requests that the Government be prohibited from mentioning or introducing into evidence the following[1]:

1. In the Indictment, the Government charges that "[I]n the decades since its founding, the gang has spread throughout the United States and expanded the scope of its criminal activities." However, there is not much mention of the Gangster Disciples expanding the scope of its criminal activities in the discovery thus far provided.

Whether or not the Gangster Disciples has spread throughout the United States or expanded its scope of criminal activities through other unrelated events is not an element of any of the offenses with which Sean Clemon is charged, and the inclusion of said unrelated allegations may be prejudicial to the Defendant.

Sean Clemon anticipates the Government may present a Reader's Digest version of the founding of the Gangster Disciples and its history, but the prejudicial aspect of this history would be any discussion of the "scope" of Gangster Disciple criminal activities. "Scope" is a word that encompasses almost any bad act.

---

[1] To the extent practicable, this Motion in Limine mirrors the Motion to Strike Surplusage filed on August 10, 2022. At the motion hearing, Counsel agreed that this Motion would be better crafted as a Motion in Limine. The Court granted leave to file this Motion out of time.

2. Throughout discovery and in the Indictment, there are allegations of violence, which obviously is directed to 18 U.S.C. Sections 1512 & 1513. There comes a tipping point, however, where the constant mentions of violence become gratuitous, unnecessary, and prejudicial.

There should be a limit as to how often violence can be mentioned, unless specifically connected to acts involving the defendants in this case..

3. The Indictment mentions gatherings and celebrations on certain dates, such as the birthday of founder Larry Hoover. It is not relevant that individuals hold gatherings to commenorate certain dates like the birthday of Larry Hoover. Any such practice has no relationship to the alleged unlawful acts within the Indictment and may confuse the jury to the prejudice of the Defendant.

Similarly, any attendance by Defendant Sean Clemon at the funeral of Duffy Clark in Chicago is irrelevant and immaterial to any issue in this litigation, even if Clark had Gangster Disciple connections.

4. Another example of prejudicial evidence that should be precluded from trial is any reference to the killing of Mitchell Coleman, as described in paragraphs 6 and 7 of the overt acts described on pages 8 and 9 of the Indictment. A reading of said paragraphs as worded seems to infer that Coleman was killed at the behest of the Gangster Disciple Gang. In paragraph 6, the government states that two individuals expressed that Coleman should be killed due to insubordination to their leadership, and then states that Coleman was killed and that there was an endorsement of that killing by one of those individuals.

The implication is that Coleman was killed at the behest of the Gangster Disciples, but the known facts are contrary. A man named James Moore was charged in Madison County Circuit Court with the killing of Coleman, and the case went to trial. Moore was convicted of murder, and the evidence produced by the State was that the killing of Coleman by Moore was personal. Coleman ripped off Moore in a drug sale of a substantial amount of money. One day, Moore happened upon Coleman sitting in a parked vehicle outside a residence. Moore went to a nearby house to retrieve a firearm, returned and shot Coleman to death. There was no gang involvement. The fact that there was an

"endorsement" of the killing does not connect the event to the Gangster Disciples, but if the government is permitted to put on evidence of this endorsement (whatever that means), then the defendants will be prejudiced and will be put in the position of having to put on evidence similar to that offered at the trial of James Moore, to refute that this "endorsement" played any factor in Coleman's death.  This type of presentation of evidence will prejudice Defendant Coleman.

5.   Similarly, the government alleges in paragraph 8 of the overt acts on page 9 of the Indictment that these same two individuals "endorsed the recent murders of four Gangster Disciple members."  Without any active involvement in these events by any Gangster Disciples, committing said acts in furtherance of Gangster Disciple activities, Defendant Coleman will be prejudiced by having to show to the jury who did these killings, and that they were not connected to any furtherance of the Gangster Disciple group.

WHEREFORE, Defendant prays that this Honorable Court exclude the above-described prejudicial evidence at the trial herein.


Respectfully submitted,

SEAN CLEMON, Defendant

By his attorneys:


/s/John D. Stobbs II (with consent)
John D. Stobbs II, No. 06206358
Attorney for Defendant
307 Henry St. Suite 211
Alton, Illinois 62002
Telephone: (618)462-8484
FAX: (618)462-8585
Email: jds2@stobbslaw.com

/s/Daniel R. Schattnik
Daniel R. Schattnik, No. 3122234
Attorney for Defendant
3 South 6th Street
Wood River, Illinois 62095
Telephone: (618)258-1800
FAX: (618)258-1957
Email: schattnik@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, a copy of the attached was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following opposing counsel of record, including but not limited to:

Ms. Ali Summers
Assistant U.S. Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208

/s/ Daniel R. Schattnik
Attorney at Law, ARDC No.3122234