IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRANK SMITH, | ) Case No. 21-CR-30003-DWD |
| WARREN GRIFFIN, | ) |
| ANTHONY DOBBINS, | ) |
| SEAN CLEMON, | ) |
| DOMINIQUE MAXWELL, | ) |
| PERRY HARRIS, and | ) |
| BARRY BOYCE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is the Second Motion *in Limine* (Doc. 630) of Defendant, Sean Clemon. Previously, Defendant filed a Motion to Strike Surplusage from the Indictment (Doc. 393), raising similar arguments as those contained in the Second Motion *in Limine*. The Motion to Strike Surplusage from the Indictment was denied, as moot, in light of the Court's assurance that the jury will not receive the Indictment (or now the Superseding Indictment) during its deliberations in this case. (Doc. 612). As such, the jury would be shielded from language in the indictment that Defendant claims is verbose, even in a complex RICO case. In addition, the Court granted Defendant leave to file a motion *in limine* that addressed similar concerns in the Government's presentation of evidence. (Doc. 612).

In the Second Motion *in Limine*, Defendant seeks to exclude five categories of evidence, which generally include: (1) discussions of the "scope" of the Gangster Disciples organization; (2) constant and gratuitous mentions of violence by the Gangster Disciples organization; (3) references to the gatherings and celebrations held by the Gangster Disciples organization; (4) references to the killing of Mitchell Coleman at the behest of members of the Gangster Disciples organization; and (5) evidence of other murders that were "endorsed" by members of the Gangster Disciples organization. (Doc. 630). The Government filed a Response in Opposition to the Motion (Doc. 642).

Initially, the Court believes certain discussions of the "scope" of the Gangster Disciples organization, as well as of the gatherings and celebrations held by the Gangster Disciples organization, could be highly probative to the racketeering activity in which Defendants allegedly conspired. Indeed, discussions of the organization's general history, structure and relationships, and varying national and regional positions of authority, *etc.*, would seemingly provide necessary context to the crimes charged. Similarly, with respect to the mentions of violence, the Court notes that Defendant does not identify the specific allegations of violence "[t]hroughout discovery and in the Indictment" that could cumulatively prejudice Defendant. Nevertheless, the charges against Defendants undoubtedly involve and necessitate discussions of violence. At this pretrial stage, without the identification of specific acts of violence, any order for the Government to limit its mentions of violence at trial would be unworkable. Finally, according to the Government, evidence related to the murders allegedly committed at the behest of or endorsed by members of the Gangster Disciples is necessary to prove the

racketeering conspiracy in which Defendants allegedly participated. This is not an unreasonable assertion, and such evidence may clearly be probative. At a time when the specific evidence at issue is unknown, the Court will not restrict the Government's case.

Accordingly, the Court **DENIES** the Second Motion *in Limine*. On balance, the Court **FINDS** the categories of evidence, as described in the parties' filings, are more probative than unfairly prejudicial. The Court emphasizes, though, that it understands Defendant's arguments. The concern that the Government might "overprove" through repetition and undue emphasis certain historical aspects of its case has not fallen on deaf ears, and the Government should not interpret this denial as a license to gratuitously attempt to introduce irrelevant and prejudicial evidence. At trial, if any of the above-described categories of evidence sought to be introduced by the Government, in the opinion of Defendants' attorneys, becomes too disconnected from Defendants or the crimes charged, they are free to object.

**SO ORDERED.**

Dated: January 22, 2023

DAVID W. DUGAN
United States District Judge